GEORGE S. HAIGHT, as Administrator with the Will Annexed, etc., of ANNIE B. RUSSELL, Deceased, Respondent, v. BENJAMIN S. HALSEY, Appellant.— On appeal by defendant from a final judgment in favor of plaintiff in an action for an accounting, entered on the decision of an official referee, bringing up for review the interlocutory judgment granting the accounting, final judgment and interlocutory judgment unanimously affirmed, with costs. The amount awarded in the final judgment is not in dispute, and the interlocutory judgment is amply supported by the evidence. The defense of the Statute of Limitations is not available to defendant. On the theory that he was a trustee for plaintiff's testator, the action was commenced within ten years after defendant repudiated the trust. The cause of action alleged in the complaint and established by the evidence in reality arose out of defendant's breach of an agreement made by him with plaintiff. The breach occurred within a month before the action was commenced, and for this breach plaintiff had no legal remedy and was entitled to an accounting. Present — Hagarty, Carswell, Adel, Taylor and Close, JJ.

INTERNATIONAL MADISON BANK AND TRUST COMPANY, Respondent, v. JONAS CONSTRUCTION Co., INC., and Others, Defendants, TILLIE H. LIEBMANN, Appellant. — Action to foreclose a mortgage on real property. Defendant Tillie H. Liebmann appeals from an order granting plaintiff's motion for the discontinuance of the action and the cancellation of notice of pendency thereof, upon payment of her taxable costs and disbursements. Order modified by inserting " and $250 in addition thereto " after the words " her taxable costs and disbursements " in each of the decretal paragraphs of the order; and as so modified affirmed, with ten dollars costs and disbursements to appellant. The discretion vested in the Special Term was properly exercised except as to the terms imposed. Appellant failed to show merits of her alleged counterclaim, which, if she so elects, she may make the subject of a new action. Appellant is entitled, however, to the increased indemnity provided by the modification. Lazansky, P. J., Taylor and Close, JJ., concur; Davis and Adel, JJ., concur in part but dissent and vote to reverse in so far as the order discontinues the entire action in which defendant Liebmann has interposed a counterclaim. While plaintiff should have leave to discontinue its action in respect to foreclosure, defendant Liebmann should have opportunity to try the issues raised by her counterclaim, instead of being compelled to bring a new action. As the case stands, there is no reply and, therefore, the counterclaim has admitted merit.